# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| BRIAN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 5:21-cv-162-TBR |
| | ) |
| CLEAN AIR TECHNOLOGY SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Brian Thompson ("Plaintiff" or "Thompson"), by counsel, brings this action against Defendant, Clean Air Technology Solutions, LLC ("Defendant" or "CATS") alleging violations of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* and the Kentucky Civil Rights Act.

### II. PARTIES

2. Thompson is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of Hopkinsville, Kentucky, and the Western District of Kentucky.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. §1367, and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b) and KRS 344.030(2).

6. Thompson was an "employee" as that term is defined by 29 U.S.C. § 630(f) and KRS 344.030(5).

7. Thompson satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age. Thompson received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of Hopkinsville, Kentucky, and the Western District of Kentucky; thus, venue is proper in this Court.

### IV. Factual Allegations

9. Thompson, who is 66 years old, was hired by Defendant on or around May 14, 2018 as Business Development Director.

10. At all relevant times, Thompson met or exceeded Defendant's legitimate performance expectations.

11. Thompson was one of Defendant's highest earners of business.

12. In or around January 2020, Defendant informed Thompson that they unilaterally made the decision to reduce his base salary to $70,0000.00 from his agreed upon rate of pay of $120,000.00. Defendant did not state that this decision had anything to do with his performance. Similarly situated, younger individuals did not receive any significant pay cut.

13. In or around March 2020, Defendant laid off Thompson. CATS asserted that due to the pandemic, the company was forced to lay off Thompson, along with two (2) other employees. However, each of these individuals were over the age of 50. No other individual under the age of 40 was laid off, furloughed, or terminated during this time.

14. On or around September 3, 2020, Thompson sent a Demand Letter to Defendant's owners, Will Bryan and David Bryan, complaining of the discrimination he had been subjected to. Prior to sending this letter, CATS had asserted no intention to terminate or punish Thompson in any form.

15. Rather than working with Thompson to address these issues, Defendant retaliated by terminating Thompson on October 20, 2020.

16. Defendant discriminated and retaliated against Thompson based on his age in violation of the Age Discrimination in Employment Act.

17. Thompson suffered damages as a result of Defendant's unlawful actions.

## V. CAUSES OF ACTION

### COUNT I: ADEA & KCRA - AGE DISCRIMINATION

18. Thompson hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint.

19. Thompson was a member of a protected class based on his age.

20. Thompson was well qualified for his position with over forty-six (46) years of experience in the industry.

21. Thompson suffered an adverse employment decision. Specifically, Thompson was wrongfully laid off and then terminated by Defendant.

22. All similarly situated employees who were younger than Thompson were not subjected to this sort of treatment.

23. Defendant violated Thompson's rights as protected by the ADEA by discriminating against him because of his age.

24. Defendant's actions were intentional, willful and in reckless disregard of Thompson's rights as protected by the ADEA, as amended, 29 U.S.C.S. § 621 et. seq. and the KCRA, KRS 344.040.

25. Thompson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT 2: ADEA & KCRA - RETALIATION

26. Thompson hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint.

27. Thompson was a member of a protected class based on his age.

28. Thompson made complaints of discrimination based on his age directly to CATS ownership.

29. Thompson suffered an adverse employment decision. Specifically, Thompson was terminated.

30. Defendant retaliated against Thompson for his complaints of age discrimination.

31. Defendant violated Thompson's rights as protected by the ADEA, as amended, 29 U.S.C.S. § 621 et. seq. and the KCRA, KRS 344.040.

32. Defendant's actions were intentional, willful and in reckless disregard of Thompson's rights as protected by the ADEA, as amended, 29 U.S.C.S. § 621 et. seq. and the KCRA, KRS 344.040..

33. Thompson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Brian Thompson, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Enjoin Defendant from engaging in conduct that discriminates and/or retaliates against any employee on the basis of his/her age.

2. Instate Thompson to the position, salary, and seniority level he would have enjoyed but–for Defendant's unlawful actions; and/or award him front pay in lieu thereof;

3. All wages, benefits, compensation, and other monetary loss suffered as

a result of Defendant's unlawful actions;

    4.    Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

    5.    Liquidated damages for Defendant's violation of the ADEA;

    6.    Compensatory damages for Defendant's violations of the KCRA, including lost future earning capacity;

    7.    All costs and attorney's fees incurred as a result of bringing this action;

    8.    Pre- and post-judgment interest on all sums recoverable; and

    9.    All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Devan A. Dannelly*
Devan A. Dannelly, Atty No. 98470
BIESECKER DUTKANYCH & MACER, LLC
101 N. 7th Street
Louisville, KY 40202
Telephone:  (502)561-3484
Facsimile:  (812)424-1005
E-Mail:  ddannelly@bdlegal.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Brian Thompson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Devan A. Dannelly*
Devan A. Dannelly, Atty No. 98470
BIESECKER DUTKANYCH & MACER, LLC
101 N. 7th Street
Louisville, KY 40202
Telephone:   (502)561-3484
Facsimile:    (812)424-1005
E-Mail:        ddannelly@bdlegal.com
*Counsel for Plaintiff*