UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| BRIAN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 5:21-CV-162-TBR |
| | ) |
| CLEAN AIR TECHNOLOGY | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR LIMITED DISCOVERY AND FOR ADDITIONAL TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. Pr. 56(d), Plaintiff, Brian Thompson, by counsel, respectfully requests that the Court grant him leave to conduct limited discovery and additional time to respond to Defendant's Motion for Summary Judgment and, in support, states as follows:

1. On November 1, 2021, Thompson filed his Complaint and Demand for Jury Trial alleging that the Defendant, Clean Air Technology Solutions, LLC ("Defendant" or "CATS") discriminated against him based on his age and retaliated against him for complaining of the age-based discrimination in violation of the Age Discrimination in Employment Act of 1959 and the Kentucky Civil Rights Act. [Docket No. 1]

2. On December 15, 2021, Defendant what was titled as a Motion to Dismiss; however, appears in all respects to be a Motion for Summary Judgment. [Docket No. 4] Defendant argues that:

> Pursuant to the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, a motion to dismiss under Rule 12(b)(6) may be treated as a motion for summary judgment where "matters outside the pleading are presented to and not excluded by the court." *Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 584 (W.D. Ky.

>1988) see also *Williams v. Porter Bancorp, Inc.*, 41 F. Supp. 3d 676, 680 (W.D. Ky. 2014) ("In general, when a court is presented with matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must either exclude the materials or convert the motion into one for summary judgment."). In a motion for summary judgment, the Court must consider whether any genuine issues of material fact exist and if not, whether defendant is entitled to judgment as a matter of law. *Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 584 (W.D. Ky. 1988). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

[Docket No. 9-1, Page ID #32]

3. Defendant exclusively relies on matters outside the pleadings. It relies on an affidavit from one of its owners, David Bryan, which is attached to the motion as Exhibit A that, in turn relies on eight (8) additional exhibits which are all cited in its memorandum in support. [Docket No. 9-2]

4. Defendant argues that it does not have twenty (20) employees and, therefore, it is not an "employer" as that term is defined by 29 U.S.C. § 630(b). Defendant supports its position only with an affidavit that suggests that Defendant "never had more than seven (7) employees during twenty (20) or more calendar weeks. Specifically, CATS never employed more than seven (7) individuals in 2019, and only employed more than seven (7) employees for three (3) days during 2020." [Bryan Affidavit, Docket 9-2, ¶4 at PageID# 37]

5. Rule 56(d) gives litigants a chance to secure " 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 312 (6th Cir. 2020) citing *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) A party invoking Rule 56(d) "must do so in good faith by affirmatively demonstrating ... how postponement of a ruling on the [summary judgment] motion will enable

him ... to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (citation omitted and omissions in original).

      6.      In considering a Rule 56(d) motion, district courts within the Sixth Circuit typically weigh five factors:

> (1) when the [affiant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling [on summary judgement]; (3) how long the discovery period had lasted; (4) whether the [affiant] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgement] was responsive to discovery requests.

*Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *Plott*, 71 F.3d at 1196-97).

      7.      Here, Defendant has filed a motion for summary judgment at the very inception of the case and prior to any discovery being completed. By rule, Plaintiff is not able to conduct discovery as of yet because no Fed. R. Civ. Pr. 26(f) conference has taken place. He is prepared to commence discovery upon the Court's grant of his motion.

      8.      Thompson believes that the affidavit submitted by Bryan incorrectly identifies the number of employees at CATS and its related entities. Thompson, having worked there, believes that that there were far more than seven individuals working for CATS and its related companies. [Thompson Declaration, ¶¶24-28]

      8.      Thompson believes that CATS has hid workers under different organizational umbrellas in an effort to avoid jurisdiction under the ADEA. Thompson believes that CATS and its affiliates, for example, Advanced Industrial Service Group, LLC, may be considered an "integrated enterprise." [Thompson Declaration, ¶¶24, 28] Under the "single employer" or "integrated enterprise" doctrine, two companies may be considered so interrelated that they constitute a single employer subject to liability under the ADEA. *See York v. Tennessee Crushed*

*Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982). In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. *York,* 684 F.2d at 362. None of these factors is conclusive, and all four need not be met in every case. *Armbruster v. Quinn*, 711 F. 2d 1332, 1337-38 (6th Cir. 1983).

9. During Thompson's employment, he regularly worked with individuals on the service side of the business, i.e. individuals who worked for AISG. [Thompson Declaration, ¶¶24, 28] It is noteworthy that Thompson's Employment Agreement extends his restrictive covenants and other terms to both CATS and its affiliates. (See e.g., Section 7(c) of the Employment Agreement, "he will not solicit, hire, or otherwise entice any person employed by Company, *including any of its affiliates* . . .) [Docket 9-2 at PageID# 44] Further, Thompson believes, from his personal experience working for the two entities, that the two entities have interrelated operations, common management, centralized control of labor relations and personnel and common ownership and financial control.

10. Thompson requests the ability to conduct discovery for the limited purpose of identifying the actual number of employees at CATS through requests for specific records that will demonstrate the number of employees on CATS payroll in 2019 and 2020. For example, payroll records, government loan applications and related forms, Kentucky Forms K-1 and UC-3, and Federal Form 941 all will contain the specific number of individuals that CATS reported as employees.

11.     Thompson requests the opportunity to propound similar requests to CATS's affiliates including: the identity of each affiliate; the number of employees or contractors at each of the affiliates; the nature of the operations, labor relations, management and financial control over each affiliate.

12.     Thompson requests the ability to conduct the deposition of David Bryan, Defendant's purported owner, to cross examine the contents of the self-serving affidavit that was submitted in support of Defendant's Motion for Summary Judgment and obtain any other testimony relevant to the operations, labor relations, management and financial control of Defendant and its affiliates as well as the number of employees in each entity.

13.     Thompson requests that the Court provide him with 90 days to conduct the discovery outlined above.  Further, Thompson requests that his response to the Defendant's Motion for Summary Judgment be extended to 21 days after the limited discovery period closes.

WHEREFORE, Plaintiff respectfully requests that the Court grant his motion to conduct limited discovery over the next 90 days for the purposes outlined above and extend the time for him to respond to Defendant's Motion for Summary Judgment to 21 days following the close of the limited discovery period.

                                        Respectfully submitted,

                                        By:  /s/ Andrew Dutkanych III
                                        Andrew Dutkanych III, Atty No. 23551-49
                                        BIESECKER DUTKANYCH & MACER, LLC
                                        411 Main Street
                                        Evansville, IN 47708
                                        Telephone: (812)424-1000
                                        Facsimile: (812)424-1005
                                        E-Mail: ad@bdlegal.com
                                        Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed on January 5, 2021. Service of this filing will be made on the ECF registered counsel by the operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Andrew Dutkanych III
Andrew Dutkanych III