UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-CV-162-TBR

**BRIAN THOMPSON,**                                                                **PLAINTIFF**

v.

**CLEAN AIR TECHNOLOGY
SOLUTIONS, LLC,**                                            **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [DN 9], and Plaintiff's Motion for Limited Discovery and for Additional Time to Respond to Defendant's Motion for Summary Judgment ("Motion for Limited Discovery"), [DN 10]. Plaintiff has filed a response in opposition to Defendant's motion, [DN 11]. Defendant has not filed a reply, and the time to do so has expired. This matter is therefore ripe for review. For the reasons set forth below, the Court will defer ruling on Defendant's Motion to Dismiss, [DN 9], and will grant Plaintiff's Motion for Limited Discovery, [DN 10].

    **I.**     **BACKGROUND**

This action stems from Plaintiff's employment with and termination from Defendant Clean Air Technology Solutions, LLC ("CATS"). [DN 1]. Plaintiff alleges that Defendant discriminated against him based on his age and retaliated against him for complaining of the alleged age-based discrimination. *Id.* at 4–5. More specifically, Plaintiff alleges that Defendant reduced his salary in January 2020, and he was then laid off in March 2020, ostensibly due to the

1

pandemic. *Id.* at 3. However, Plaintiff and two other employees that were laid off were all over the age of fifty, while "[n]o other individual under the age of 40 was laid off, furloughed, or terminated during this time." *Id.* Plaintiff further alleges that he complained of this alleged age discrimination to Defendant's owners in September 2020, and as a result, he was terminated in October 2020. *Id.* Based on these allegations, Plaintiff asserts two causes of action: age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Kentucky Civil Rights Act ("KCRA") and retaliation in violation of the ADEA and KCRA. *Id.* at 4–5.

    Defendant responded to Plaintiff's complaint with the present Motion to Dismiss, [DN 9]. In that motion, Defendant argues that Plaintiff's ADEA claim must fail because Defendant did not qualify as an "employer" under the ADEA during the relevant time frame. *Id.* More specifically, Defendant argues that it was not an "employer" under the ADEA because Defendant did not employ twenty or more individuals, as required by the federal statute. *Id.* In his complaint, Plaintiff alleges that "Defendant is an 'employer' as that term is defined by 29 U.S.C, § 630(b)." [DN 1, p. 2]. However, Defendants argue, he has not cited to any facts to support that allegation. *See, e.g.*, [DN 9, p. 8]. Defendants also attach an affidavit from one of the company's owners, David Bryan, to their motion in support of their position that they did not employ the threshold number of employees necessary to qualify as an "employer" under the ADEA. [DN 9-2].

    In response to Defendant's Motion to Dismiss, Plaintiff filed his Motion for Limited Discovery, [DN 10]. He argues that Defendant's Motion to Dismiss is actually a Motion for Summary Judgment, and it would be premature to grant such a motion, as discovery has not yet begun in this case. *Id.* He also argues that the Bryan affidavit "incorrectly identifies the number

of employees at CATS and its related entities." *Id.* at 3.  He further alleges, "Thompson believes that CATS has hid (sic) workers under different organizational umbrellas in an effort to avoid jurisdiction under the ADEA." *Id.* Citing to *York v. Tennessee Crushed Stone Association*, 684 F.2d 360, 362 (6th Cir. 1982), Plaintiff argues that two entities can be treated as a single employer under the "single employer" or "integrated enterprise" doctrine, which applies when two companies are so interrelated that they constitute a single employer subject to suit under the ADEA. [DN 10, pp. 3–4]. However, Plaintiff argues, more factual information is needed to prove this theory. Plaintiff therefore requests an opportunity to conduct limited discovery on this issue, including written discovery and a deposition of David Bryan. *Id.* at 4–5.

## II.     ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for "failure to state a claim upon which relief can be granted." "When considering a 12(b)(6) motion to dismiss, courts must 'construe the complaint in the light most favorable to the plaintiff' and 'accept all well-pleaded factual allegations as true.'" *Williams v. Porter Bancorp, Inc.*, 41 F. Supp.3d 676, 679 (W.D. Ky. 2014) (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP,* 622 F.3d 471, 477–78 (6th Cir. 2010)). However, if the moving party presents "matters outside the pleading," the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see also Williams*, 41 F. Supp.3d at 680 ("In general, when a court is presented with matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must either exclude the materials or convert the motion into one for summary judgment."). To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  Thus, when a Rule 12(b)(6) motion is converted into a Rule 56 motion for

summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

However, in some cases, the non-moving party may not be able to present the facts necessary to support its position. In that case, the non-moving party can seek relief under Rule 56(d). That rule provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer consideration of the motion or deny it; allow for limited discovery; or "issue any other appropriate order." This rule "gives litigants a chance to secure 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 312 (6th Cir. 2020) (quoting *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019)). The party that invokes Rule 56(d) "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the [summary judgment] motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quoting *Doe*, 928 F.3d at 490).

In the present case, Defendant has filed a Motion to Dismiss, [DN 9], but has attached an affidavit, [DN 9-2], which in turn references several exhibits. Because Defendant asks the Court to consider maters outside the pleading, the Court construes Defendant's Motion to Dismiss as a Motion for Summary judgment under Rule 56. In response to the motion, Plaintiff seeks to invoke Rule 56(d), which he argues would allow an opportunity for him to depose Defendant's affiant, David Bryan, and obtain more information related to his "integrated enterprise" theory. [DN 10]. More specifically, Plaintiff seeks to obtain "payroll records, government loan applications and related forms, Kentucky Forms K-1 and UC-3, and Federal Form 941." *Id.* at 4. He also wishes to propound discovery requests for "the identify of each [of Defendant's]

4

affiliate[s]; the number of employees or contractors at each of the affiliates; [and] the nature of the operations, labor relations, management and financial control over each affiliate." *Id.* at 5.

The Court agrees that more discovery is necessary to resolve the issues raised in the parties' motions. While Defendant represents that it has already provided several payroll records to Plaintiff, Plaintiff seeks several other documents and an opportunity to examine David Bryan about the matters raised in his affidavit. At this time, without such information, the Court cannot find that Plaintiff's "integrated enterprise" theory is futile. The Court will therefore defer ruling on Defendant's motion and will grant Plaintiff's motion to conduct limited discovery on the issue of whether Defendant qualifies as an "employer" under the ADEA. However, to ensure the efficient resolution of this threshold issue, the Court will require that this discovery conclude within thirty days.

### III.   CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Limited Discovery and for Additional Time to Respond to Defendant's Motion for Summary Judgment, [**DN 10**], is **GRANTED**. The parties may conduct limited discovery on the issue of whether Defendant qualifies as an "employer" under the ADEA. At this time, discovery **SHALL** be limited to this narrow issue and **SHALL** be conducted within **ninety (90) days** of the entry of this order.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** file his response to Defendant's Motion to Dismiss, [DN 9], within **twenty-one (21)** days of the conclusion of the limited discovery period. Defendant may then file a reply within **fourteen (14) days** of the filing of Plaintiff's response. The matter will then stand submitted to the Court.

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 23, 2022

cc: Counsel of Record